UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANETTE DINGUIS,

          Plaintiff,

v.                                   Case No.  8:18-cv-2448-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

          Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed.

### I.      Procedural Background

Plaintiff filed an application for SSI (Tr. 100, 350). The Commissioner denied Plaintiff's claim both initially and upon reconsideration (Tr. 101, 118). Plaintiff then requested an administrative hearing (Tr. 21). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 40-70). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

Plaintiff's claim for benefits (Tr. 15-39). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1977, claimed disability beginning December 5, 2014 (Tr. 350). Plaintiff has limited education (Tr. 31). Plaintiff's past relevant work experience included work as a self-employed cook (Tr. 31). Plaintiff alleged disability due to arthritis, diabetes, lupus, high blood pressure, high cholesterol, anxiety, depression, and asthma (Tr. 27, 406).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 5, 2014, the alleged onset date (Tr. 23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: diabetes mellitus; systemic lupus erythematosus with polyarthritis and Raynaud's disease; hypertension; and asthma (Tr. 24). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 26). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except Plaintiff should avoid climbing ropes, scaffolds, and five or more steps on ladder, and avoid crawling; Plaintiff can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; Plaintiff can frequently reach, handle, and finger, but should

avoid repetitive or constant lifting and carrying; Plaintiff must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, excessive vibration, environmental irritants (such as fumes, dust, odors, gases, poorly ventilated areas, or open chemicals); and Plaintiff must avoid even moderate exposure to industrial hazards, such as hazardous machinery or unprotected heights (Tr. 27). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 29).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 31). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a marker, assembler II, and garment sorter (Tr. 31-32). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 31-32).

### III.    Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV. Analysis

Plaintiff argues here that the ALJ erred by not sufficiently explaining why he discounted the opinion of Giovanni Velez, M.D. For the reasons that follow, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (quoting 20 C.F.R. § 416.927(a)(2)[2]). If a doctor's statement rises to the level of a "medical opinion," an ALJ must state with particularity the weight given to that opinion and the reasons therefor. *Id.* at 1179. In rendering this determination, the ALJ must consider: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of the doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's area of specialization. 20 C.F.R. § 416.927(c). While the ALJ is required to consider each of these factors, it is not mandatory that he explicitly address them in his decision. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011).[3]

Rather, the ALJ must provide "good cause" for not affording a treating physician's medical opinion substantial weight. *Lawton*, 431 F. App'x at 833; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). Good cause exists where: (1) the treating

---

[2] Although these regulations have been amended effective March 27, 2017, the new regulations only apply to applications filed on or after that date. *See* 20 C.F.R. § 416.920c. Because the Plaintiff's application was filed in 2014, the older versions of the regulations apply here.

[3] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Crawford*, 363 F.3d at 1159. Moreover, the ALJ must clearly articulate these reasons when electing to discount the opinion of a treating physician. *Phillips*, 357 F.3d at 1241. "If the ALJ fails to give at least great weight to the opinion of a treating physician, he must provide a sufficiently detailed analysis with examples to demonstrate why that opinion is discounted, and provide a rationale that will enable a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Berrios v. Colvin*, No. 14–23860–CIV, 2016 WL 5661634, at *10 (S.D. Fla. Sept. 30, 2016). The failure to do so is reversible error. *Lewis*, 125 F.3d at 1440.

Here, the ALJ did not articulate good cause for giving Dr. Velez's opinion less than substantial or considerable weight. The ALJ stated that he had "read and considered" Dr. Velez's opinion and afforded the opinion little weight (Tr. 30). The ALJ then set forth, in detail, Dr. Velez's opinion as to Plaintiff's limitations including Dr. Velez's opinion that Plaintiff's symptoms would often interfere with attention and concentration; Plaintiff is incapable of even a low stress job because it could exacerbate her condition; in an eight-hour workday, Plaintiff could sit about four hours and stand/walk less than two hours; Plaintiff would often need unscheduled breaks of fifteen minutes during an eight-hour workday and she could lift ten pounds occasionally and less than ten pounds frequently; Plaintiff could use her upper extremities for reaching, fine manipulation, and grasping,

turning, and twisting objects only 25% of the workday; and Plaintiff would miss work more than three times per month (Tr. 30, 706-13). The ALJ then went on only to summarily conclude that "I afford little weight to Dr. Velez's opinion, as the significant limitations described … are not supported by the medical evidence of record" (Tr. 30).

The ALJ gave no explanation or examples of how Dr. Velez's opinion regarding Plaintiff's limitations was not supported by the medical evidence. A physician's opinion regarding Plaintiff's limitations cannot be discredited by simply saying it is not supported by the medical evidence of record without any further explanation. *See Perez v. Comm'r of Soc. Sec.*, 625 F. App'x 408, 418 (11th Cir. 2015) (finding ALJ's reason for according the treating source opinion little weight, *i.e.*, the opinion was contradicted by the doctor's contemporaneous notes, was insufficient because "the ALJ did not identify any contradictions"); *Sherwood v. Berryhill*, No. 8:16-cv-2762-T-27AEP, 2018 WL 1341743, at *4-8 (M.D. Fla. Feb. 27, 2018); *Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM, 2008 WL 876961, at *8 (M.D. Fla. Mar. 27, 2008) ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion."); *Berrios*, 2016 WL 5661634, at *10; *cf. Phillip*, 357 F.3d at 1240-41 (ALJ's rejection of treating physician's opinion was supported by substantial evidence where ALJ cited examples of inconsistencies with treatment notes and claimant's own admissions of what claimant could do). As such, the Court is unable to determine whether the proper legal analysis has been conducted because no reasoning was provided by the ALJ for affording Dr. Velez's opinion little weight. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

While the Court is not making a determination regarding whether Dr. Velez's opinion should be entitled to great weight, Plaintiff has identified reversible error in that the ALJ failed to articulate good cause to support his decision to reject Dr. Velez's opinion. *See Winschel*, 631 F.3d at 1178-79; *Phillips*, 357 F.3d at 1241. The ALJ's decision must be remanded on this ground.

**V.     Conclusion**

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is reversed.

2.  The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

**ORDERED** in Tampa, Florida, on this 25th day of February 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE